Battle, J.
 

 The objection to the competency of the maker
 
 *443
 
 of the bill of sale, as a witness, was properly over-ruled. After the release, ■which the plaintiff executed to him, he had no interest which could disqualify him from testifying in support of the plaintiff’s title, and whatever objection there was to him, went to his credit and not to his competency.
 

 The exception to the charge of the Judge, was likewise untenable. Ilis Honor explained the nature of the case fully and fairly, and we are unable to discover any thing in what he said, or omitted to say, of which the defendant has any right to complain.
 

 In the admission as a witness of the plaintiff’s daughter, Jane Buie, we do not concur with his Honor. She was undoubtedly, at one time, one of the sureties to the bond for the prosecution of the suit, and as such, incompetent as a wit-mess; and nothing is shown which removed that incompetency. Had the
 
 plaintiff
 
 applied to the Court for leave to file another prosecution bond for the avowed purpose of having it substituted for the first, in order to restore the competency of the witness, the order of the Court, allowing-it to be done, would have sufficed upon the filing of the second bond, without an actual cancellation of the first;
 
 Otey
 
 v. Hoyt, 3 Jones’ Rep. 407. But in the present case, the application for another prosecution bond came from the
 
 defendant,
 
 and upon its being given, we are not aware of any principle of law by which it superseded the first. It was in fact, and in- legal effect, only an additional security, and unless the defendant chose to cancel the first bond, he was clearly entitled to both. "VYe believe that it is a common practice for a defendant, who doubts the sufficiency of the prosecution bond, to apply for, and obtain a rule upon the plaintiff, either to justify it, or to give an additional one. That was what the defendant intended to do in the present case, and it is what, in legal effect, he did do ; for the order, which he obtained, that the plaintiff should “ give a prosecution bond,” could not joroprio-
 
 vigore
 
 annul or cancel the one already given. The surety to the first bond still continued liable for the defendant’s costs, and as such, was incompetent to testify as a witness. It was,
 
 *444
 
 therefore, error in tire Court to permit her to testify in the cause; for which the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.